IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Civil Action No.

**HEMA KISSOON,**

    Plaintiff,

v.

**LEGEND HEALTH HOLDINGS, LLC, ALI KARIM, an individual, PETER SINISHTAJ, an individual,**

    Defendants.

_____/

## COMPLAINT

1. This action is brought by Hema Kissoon (hereinafter "Plaintiff") for purposes of obtaining relief under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq*. (hereinafter "FLSA") and the Florida Whistleblower Act, Section 448.102, Florida Statutes (hereinafter "FWA"), for unpaid wages, compensatory damages, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Simultaneously, Plaintiff asserts Florida common law claims under the theories of breach of contract, quantum meruit and unjust enrichment.

## JURISDICTION AND VENUE

2. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b), 217, and 28 U.S.C. §§1331, 1367.

3. The Court has supplemental jurisdiction over Plaintiff's FWA claim and the common law unpaid wages claims because the facts regarding the state law claims are so related to the Federal claims that they form part of the same case or controversy.

4. This court is the proper venue pursuant to 28 U.S.C. §1391(b) and under the FWA because the unlawful employment practices described herein were committed in this district, where Plaintiff lived and worked.

5. Further, 29 U.S.C. § 216(b) allows for venue in any court of competent jurisdiction over FLSA violations.

**PARTIES**

6. Defendant, Legend Health Holdings, LLC (hereinafter "Legend") is a corporation organized under the laws of the State of Nevada.

7. Legend is, and at all relevant times has been, the employer of Plaintiff within the meaning of 29 U.S.C. § 203(d) and is not exempt under the FLSA.

8. Legend is, and at all relevant times has been, engaged in interstate commerce.

9. Legend is, and all relevant times has been, an enterprise within the meaning of 29 U.S.C. § 203(r), (s).

10. At all times material hereto, Legend had employees engages in commerce and an annual gross dollar volume of sales made or business done of not less than $500,000.00.

11. At all times material hereto, Plaintiff is *sui juris*, a resident of Broward County, Florida, and worked remotely for Legend from her home in Broward County.

12. Plaintiff is, and at all relevant times has been, engaged in interstate commerce by virtue of her position with Legend.

13. Defendant Ali Karim (hereinafter "Karim"), an individual, is the General Manager and head of Marketing Design and Acquisitions of Legend, and at all times pertinent hereto did conduct business in Broward County, Florida.

14. Karim hired Plaintiff, set her compensation, and was, at all relevant times, an

employer acting directly or indirectly in the interest of Legend.

15. Defendant Peter Sinishtaj (hereinafter "Sinishtaj"), an individual, is the Vice President of Finance of Legend, and at all times pertinent hereto did conduct business in Broward County, Florida.

16. Sinishtaj was Plaintiff's supervisor, controlled the terms of her employment on behalf of Legend, negotiated the agreement with Plaintiff whereby Legend was to pay her an hourly wage while she was on maternity leave, and was, at all relevant times, an employer acting directly or indirectly in the interest of Legend.

17. All Defendants are subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

18. Legend is a concierge healthcare network operating health and treatment centers in several states, including Florida, Michigan, Illinois, Arizona, and Delaware.

19. In or around March 2021, Legend recruited Plaintiff away from a competitor and hired her to work full-time as the Director of Care Management & Value-Based Services on or about April 12, 2021.

20. Plaintiff worked remotely, from her home in Broward County, Florida, for the entirety of her tenure with Legend.

21. As Director of Care Management & Value-Based Services, Plaintiff oversaw Legend's extensive team of healthcare providers and was responsible for ensuring high standards of patient care and growing Legend's network of doctors and healthcare facilities.

22. More specifically, and without limitation, Plaintiff's primary job responsibilities included:

    a.    implementation and rollout of Legend's care-management policies,

procedures, and operational standards for multiple primary care groups;

      b.     screening of new hires;

      c.     directing contact between numerous electronic medical records ("EMR") vendors for the purposes of streamlining documentation, creating and maintaining user accounts, and employee training;

      d.     acting as liaison between clinical staff and operations personnel regarding obtaining and/or troubleshooting EMR access, staffing and other patient care needs in various clinics, and assisting with clinical related questions or issues; and

      e.     growing profits in multiple primary care practices.

23.     In exchange for her services, Legend agreed to pay Plaintiff a salary of $130,000 per year, disbursed bi-weekly, in amounts of $5,000.

24.     At the time of her recruitment, Plaintiff was roughly six (6) months pregnant, therefore, negotiated receiving twelve (12) weeks of unpaid maternity leave pursuant to the Family and Medical Leave Act as a condition of her hire.

25.     In or around June 2021, shortly before Plaintiff was due to go into labor, Legend agreed to have Plaintiff continue working in a part-time capacity while she was on maternity leave.

26.     Because Plaintiff was not going to be receiving her regular salary during her maternity leave, Legend agreed to pay Plaintiff an hourly rate of $62.50 for her part-time efforts.

27.     Plaintiff went into labor on June 22, 2021, commencing her maternity leave.

28.     In July 2021, Plaintiff began to work in her part-time role, per her agreement with Legend.

29.     Plaintiff worked, and submitted for payment, 27.5 hours in July, 57.5 hours in August, and 18.5 hours from September 1 through 13.

30. Plaintiff returned to work full-time on September 14, 2021.

31. Legend accepted Plaintiff's submitted hours in their entirety for July, August, and September, and promised Plaintiff it would remit payment in full.

32. Legend paid Plaintiff the $1,718.75 it owed her for the hours worked in July but withheld the $4,750.00 it owes her for the 76 hours worked between August 1 and September 13, 2021.

33. Following her return to full-time status, Plaintiff repeatedly requested payment of the money owed to her through text messages, emails, and phone calls with Sinishtaj and Gladys Cortes (hereinafter "Cortes"), Legend's Vice President of Operations.

34. At first, Sinishtaj and Cortes acknowledged Plaintiff's payment requests but responded with excuses and empty promises that payment would be forthcoming. Over time, however, Sinishtaj and Cortes started ignoring Plaintiff's requests altogether.

35. Additionally, in or around October 2021, Legend terminated its contract with its payroll company and discontinued its employee health benefits without notice to Plaintiff.

36. Thereafter, Legend began to pay Plaintiff's salary via wire transfer, but in doing so, would withhold varying and unauthorized amounts under the guise of making contributions to Plaintiff's 401k and paying health insurance premiums to COBRA on her behalf.

37. To make a bad situation worse, Legend refused to provide Plaintiff with pay stubs for these wire transfers, despite her requests for same, so that she could identify and verify what amounts were being withheld for taxes, 401k, COBRA benefits, etc.

38. On November 14, 2021, Plaintiff emailed Sinishtaj, Cortes, and Legend's Vice President of Human Resources, objecting to Legend's unlawful refusal to pay her the money it had promised, to again demand payment for the work she performed on leave, and further, to object to

the unauthorized and unaccounted for withholdings that were being taken from her recent paychecks.

39. Defendants again ignored Plaintiff's requests.

40. Finally, on November 20, 2021, Plaintiff sent email to Karim, with Sinishtaj and Cortes copied, to again raise objections to Legend's unlawful refusal to pay her the money it had promised.

41. Karim replied to Plaintiff that same day, denying that Plaintiff was entitled to compensation for the hours she had worked and terminating her employment because of her objections to Legend's unlawful activity.

42. To date, Legend has still not paid Plaintiff any of the $4,750.00 owed to her for hours worked in August and September 2021, as well as money owed for her accrued paid time off, believed to be more than 100 hours.

43. Plaintiff has been forced to retain the undersigned law firm and has agreed to pay it a reasonable fee for its services.

**COUNT I – VIOLATIONS OF THE FLSA, 29 U.S.C. § 201, et seq., AS TO ALL DEFENDANTS**

44. Plaintiff hereby realleges paragraphs 1-43 as though fully set forth herein.

45. The FLSA contains an implicit requirement that wages be paid promptly when due; thus wages are unpaid under the FLSA unless they are paid on an employee's regular payday.

46. No FLSA exemption applies for periods when Plaintiff received no compensation on a regular basis. 29 C.F.R. § 541.602.

47. By engaging in the above-described conduct, Defendants violated the FLSA with respect to Plaintiff.

48. Defendants unlawfully withheld one hundred percent of Plaintiff's wages for hours

worked between August 1 and September 13, 2021.

49. Defendants did not make wage payments to Plaintiff when due, as required by the FLSA, for hours worked between August 1 and September 13, 2021.

50. Defendants' failure to pay wages when due is willful and intentional.

51. As a direct and proximate result of the above-described conduct, Plaintiff has suffered lost wages.

52. Plaintiff is entitled to an award of her unpaid wages for the time period commencing two years prior to the filing of this Complaint to the date of any final award of unpaid compensation.

53. Plaintiff is also entitled to an award of liquidated damages under the FLSA in an amount equal to her unpaid wages, as well as prejudgment interest, attorney's fees, and costs, all to be determined at trial.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

    a. A judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

    b. Require Defendants to pay Plaintiff actual and compensatory damages for unpaid wages for the weeks at issue in this case, with interest;

    c. Require Defendants to pay Plaintiff liquidated damages as provided for under the Fair Labor Standards Act;

    d. Award Plaintiff her reasonable attorneys' fees and costs and expenses of suit; and

    e. Provide such other and further relief as the Court may deem just and proper.

## COUNT II – BREACH OF CONTRACT AS TO LEGEND

54. Plaintiff hereby reallege paragraphs 1-43 as though fully set forth herein.

55. Plaintiff and Defendant are parties capable of entering into a contract.

56. Plaintiff and Defendant voluntarily entered into mutual agreements regarding compensation in exchange for work performed.

57. Such agreements, though not in writing, are enforceable legal contracts.

58. Defendant promised to compensate Plaintiff $62.50 per hour for work performed between August 1 and September 13, 2021.

59. Plaintiff worked 76 hours between August 1 and September 13, 2021.

60. Plaintiff submitted for approval her hours for work performed between August 1 and September 13, 2021.

61. Defendant approved those hours in full and promised to compensate Plaintiff for the work she performed.

62. Defendant knowingly and intentionally breached said contract by failing to compensate Plaintiff with any of the money owed to her for work performed between August 1 and September 13, 2021.

63. As a direct and proximate result of Defendant's breach, Plaintiff suffered lost wages, lostinterest on the wages earned, legal fees, and has been otherwise injured and damaged.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

   a. Require Defendants to pay Plaintiff damages as provided for under the law for Defendants' willful breaches of contract in refusing to pay Plaintiff for her work performed;

   b. Issue a declaratory judgment that Defendants breached the contract in

violation of Florida law by refusing to pay Plaintiff for her work;

      c.    Award Plaintiff her reasonable attorneys' fees and costs and expenses of suit; and

      d.    Provide such other and further relief as the Court may deem just and proper.

**COUNT III – QUANTUM MERUIT AND/OR UNJUST ENRICHMENT AS TO LEGEND**

64.    Plaintiff hereby realleges paragraphs 1-43 as though fully set forth herein.

65.    Defendant knowingly accepted Plaintiff's services in the form of part-time work between August 1 and September 13, 2021.

66.    Plaintiff had a reasonable expectation of compensation based on Legend's representation that it would compensate her for such work, and the fact that it had compensated her for similar work in July 2021.

67.    Plaintiff is entitled to the reasonable value of her services rendered for Legend from August 1 through September 13, 2021.

68.    Plaintiff's work enriched Legend at her own expense.

69.    Equity and good conscience require Legend to make restitution and pay Plaintiff for her services rendered.

70.    Legend's failure to compensate Plaintiff would result in an unjust enrichment for Defendants.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

      a.    Require Defendants to pay Plaintiff restitution under the theories of unjust enrichment and/or quantum meruit for the services Plaintiff performed at her detriment, which enriched Defendants;

      b.    Issue a declaratory judgment that Defendants were unjustly enriched by

Plaintiff's services;

c. Award Plaintiff her reasonable attorneys' fees and costs and expenses of suit; and

d. Provide such other and further relief as the Court may deem just and proper.

## COUNT IV – FLSA RETALIATION AS TO LEGEND AND KARIM

71. Plaintiff hereby realleges paragraphs 1-43 as though fully set forth herein.

72. The FLSA contains an antiretaliation statute, 29 U.S.C. § 215(a)(3), which makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint … under or related to this chapter…."

73. The anti-retaliation provision of the FLSA protects oral as well as written complaints of a violation of the Act.

74. Further, the anti-retaliation provision of the FLSA covers complaints made at work to a supervisor.

75. Defendants violated the FLSA by unlawfully withholding Plaintiff's wages for work she had performed and/or by making unauthorized and unaccounted for withholdings from her paychecks.

76. Plaintiff voiced her objections to these violations, or what she reasonably believed to be violations, through numerous written and verbal objections to Defendants intentionally withholding money they had promised to pay her for work she performed, and further, withholding unauthorized and unaccounted for amounts from pay checks under the guise of making contributions to Plaintiff's 401k and paying health insurance premiums.

77. Plaintiff's objections to Defendants' willful violations of the FLSA constitute protected activities under the FLSA.

78. Legend and Karim terminated Plaintiff's employment because Plaintiff objected to Defendants' willful violations of the FLSA.

79. Defendants' actions were intentional and willful, and were in deliberate disregard of and made with reckless indifference to, Plaintiff's rights under the law.

80. There was a causal connection between Plaintiff's protected activities and the adverse employment action of termination.

81. As a direct and proximate result of Defendants' retaliatory conduct in violation of the FLSA, Plaintiff has suffered and will, in the future, suffer damages including, but not limited to: lost wages, benefits, and other forms of compensation; loss of earning capacity, mental anguish, disappointment, outrage and indignity; exemplary damages; liquidated damages; attorneys' fees; and other damages that may become known through the discovery process.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

    a. A judgment in her favor requiring Defendants to pay Plaintiff for the damages sustained as a result of their unlawful retaliation, together with interest;

    b. An award to Plaintiff for her reasonable attorneys' fees and costs and expenses of suit; and

    c. Any such other and further relief as the Court may deem just and proper.

**COUNT V - FWA WHISTLEBLOWER RETALIATION AS TO LEGEND**

82. Plaintiff hereby realleges paragraphs 1-43 as though fully set forth herein.

83. The Florida Whistleblower Act provides that an employer may not take any retaliatory personnel action against an employee because the employee has objected to any activity, policy, or practice of the employer which is violation of the of a law, rule, or regulation.

84. Plaintiff objected to illegal activity, or what she reasonably believed to be illegal

activity, through her written and verbal objections to Defendants intentionally withholding money they had promised to pay her for work she performed, and further, withholding unauthorized and unaccounted for amounts from pay checks under the guise of making contributions to Plaintiff's 401k and paying health insurance premiums.

85. Defendant terminated Plaintiff's employment because she objected to such illegal activity, or what she reasonably believed to be illegal activity, in violation of Section 448.102(3), Florida Statutes.

86. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff prays for the following relief:

a. A judgment in her favor requiring Defendants to pay Plaintiff for the damages sustained as a result of their unlawful retaliation, together with interest,

b. An award to Plaintiff for her reasonable attorneys' fees and costs and expenses of suit;

c. Declaratory and injunctive relief; and

d. Any such other and further relief as the Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## JURY DEMAND

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which there is a right to a jury trial.

Dated: December 28, 2021.

                Respectfully submitted,

**Brenton Legal P.A.**
*Counsel for Plaintiff*
1070 E. Indiantown Rd., Suite 400
Jupiter, FL 33477
Phone: 954-639-4644

By: */s/ Travis Beal*
    Ryan Brenton
    Florida Bar No.: 107675
    rcb@brentonlegal.com
    Travis Beal
    Florida Bar No.: 104890
    tjb@brentonlegal.com
    Christopher A Fennell
    Florida Bar No. 113546
    caf@brentonlegal.com